IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| ELIZABETH BROWN, JANESHIA MARTIN, and NICHOLAS MOORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, and HYUNDAI MOTOR COMPANY, LTD,<br><br>Defendants. | Case No.: 2:18-cv-11249-SDW-JAD<br><br>**CLASS ACTION** |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the parties seek entry of an order preliminarily approving the settlement of this action pursuant to the settlement agreement fully executed on October 15, 2020 (the "Settlement Agreement" or "Settlement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action and dismissal of the Action with prejudice; and

1

WHEREAS, the Court has read and considered the Settlement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval;

**NOW, THEREFORE, IT IS ON THIS** _16th_ **DAY OF** _November_, **2020, ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. The Court preliminarily approves the Settlement as being within the range of reasonableness to the Settlement Class, subject to further consideration at the final approval hearing described below.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows: All owners and lessees of a Class Vehicle who purchased or leased the Class Vehicle in the United States (including the District of Columbia but excluding other territories), or owners or lessees of a Class Vehicle who purchased or leased the Class Vehicle while abroad on active military duty. Excluded from the Class are all claims for death, personal injury, property damage, and subrogation. Also excluded from the Class are HMA; any affiliate, parent, or subsidiary of HMA; any entity in which HMA has a controlling interest; any officer, director, or employee of HMA; any successor or assign of HMA; any judge to whom this Action is assigned, his or

her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons. Also excluded from the Class are consumers or business that have purchased Class Vehicles that, prior to the time of purchase, were deemed a total loss (i.e., salvage title or junkyard vehicles) (subject to verification through Carfax or other means) and current or former owners of Class Vehicles who, prior to the Notice Date, released their claims in an individual settlement with HMA with respect to the issues raised in the Action.

4. The Court appoints Matthew D. Schelkopf of Sauder Schelkopf LLC, Nicholas A. Migliaccio and Jason Rathod of Migliaccio & Rathod LLP, and Daniel C. Levin of Levin Sedran & Berman as Class Counsel for the Settlement Class. Any Settlement Class Member may enter an appearance in the action, at their own expense, either individually or through counsel. However, if they do not enter an appearance, they will be represented by Settlement Class Counsel.

5. The Court appoints Plaintiffs Liz Brown, Janeshia Martin, and Nicholas Moore as Class Representatives.

6. The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of

the Settlement Class; (d) the Class Representatives and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. The Court also preliminarily finds that certification of the Settlement Class is appropriate when balanced against the risks of continued litigation.

7. It further appears that extensive and costly investigation, research, and discovery has been conducted such that counsel for the parties are reasonably able to evaluate the benefits of settlement, which will avoid substantial additional costs to the parties and reduce delay and risks associated with this action.

8. It further appears that the Settlement has been reached as a result of intensive, arm's-length negotiations and was reached with the assistance of two mediation sessions before the Marc E. Isserles, Esq. of JAMS.

9. The Court approves the form and content of the Claim Form (Exhibit A to the Settlement Agreement) and the Long Form Notice (Exhibit B to the Settlement Agreement). The Court finds that the mailing of the Long Form Notice in the manner set forth in the Settlement, the establishment of a settlement website, and the emailing of the hyperlink to the settlement website and electronic versions of the Long Form Notice and Claim Form satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and

sufficient notice to all Settlement Class Members entitled to notice. The Court authorizes the Parties to make non-material modifications to the Long Form Notice and Claim Form prior to publication if they jointly agree that any such changes are appropriate. Accordingly, the Court directs the following notice procedures to be effectuated on or before __FEBRUARY 14__, 2021 (ninety (90) days after the date of this Order):

    a.    Individual direct U.S. mail notice regarding the Settlement will be sent to all Settlement Class Members using HMA's database and verified with R.L. Polk & Co. (or a similar third-party entity), verified with an address search through the United States Postal Service's National Change of Address database, and for each notice returned as undeliverable, HMA shall use its best efforts to conduct an advanced address search using HMA's customer database information regarding the Class Vehicle owner to obtain a deliverable address;

    b.    Email notice to all Class Members for which HMA maintains email addresses that contains a hyperlink to the dedicated settlement website and an electronic version of the Long Form Notice and Claim Form; and

    c.    Publication on a website to be established and maintained by HMA.

    10.    The Court appoints Hyundai Motor America as the Settlement Administrator. The Settlement Administrator is directed to perform all settlement

administration duties set out in the Settlement Agreement, including establishing, maintaining, and administering a website dedicated to the Settlement which (i) will provide information about the Settlement including all relevant documents and (ii) will provide a means by which Settlement Class Members may submit their claims by mail or online. At least ten days before the Final Approval Hearing, the Settlement Administrator will provide an affidavit to Class Counsel attesting that notice was disseminated in a manner consistent with the terms of the Settlement.

11. If Settlement Class Members do not wish to participate in the Settlement Class, they may exclude themselves. All requests to be excluded from the Settlement Class must be in writing, sent to the Settlement Administrator, and postmarked on or before the Opt-Out Deadline, which shall be forty-five (45) days after the Notice Date.

    a. Any request for exclusion must (1) state the Class Member's full name and current address, (ii) provide the model year and Vehicle Identification Number ("VIN") of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically and clearly state his/her/its desire to be excluded from the settlement and from the Class.

12. Any Settlement Class Member who has not previously submitted a Request for Exclusion may object to the Settlement and appear at the Final Approval Hearing to support or oppose the approval of the Settlement Agreement.

All objections and requests to appear at the Final Approval Hearing must be in writing and postmarked on or before the Objection Deadline, which shall be forty-five (45) days after the Notice Date.

      a.    The following information must be provided in the Settlement Class Member's written objection: (i) his/her/its full name, current address, and current telephone number; (ii) the model year and VIN of his/her/its Class Vehicle(s); (iii) a statement of the objection(s), including all factual and legal grounds for the position; (iv) copies of any documents the objector wishes to submit in support; and (v) sign and date the objection. In addition, any Class Member objecting to the settlement shall provide a list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years. If the Class member or his or her counsel has not made any such prior objection, the Class member shall affirmatively so state in the written materials provided with the objection.

      b.    All objections must be sent to HMA's address identified in the Long Form Notice.

13.    Any Settlement Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall

forever be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed settlement and any judgment approving the settlement.

14. The Court hereby schedules the Final Approval Hearing for ~~April~~ 19, 2021 at 11:00 a.m./p.m. (not less than one hundred and forty-five (145) days after the date of this Order). The Final Approval Hearing will take place in Courtroom MLK 5C of the United States District Court for the District of New Jersey, Newark Division, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered approving the Settlement, and whether Class Counsel's application for attorneys' fees and for incentive awards to the Class Representatives should be approved. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

_____
Honorable Susan D. Wigenton
United States District Judge