# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH BROWN, JANESHIA MARTIN, and NICHOLAS MOORE, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>HYUNDAI MOTOR AMERICA, and HYUNDAI MOTOR COMPANY, LTD,<br><br>　　　　　Defendants. | Case No.: 2:18-cv-11249-SDW-JAD<br><br>**CLASS ACTION** |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

**WHEREAS**, this matter has come before the Court pursuant to Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (the "Motion");

**WHEREAS**, the Court finds that it has jurisdiction of this Action;

**WHEREAS**, on November 16, 2020, this Court granted Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement (the "Preliminary Approval Order");[1]

---

[1] Capitalized terms that are not otherwise defined herein are defined in the Settlement Agreement.

1

**WHEREAS**, the Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

**WHEREAS**, the Court held a hearing on April 19, 2021 to consider the fairness, reasonableness, and adequacy of the Settlement Agreement, has been advised of all objections to the settlement, and has given fair consideration to all objections;

**WHEREAS**, the Court has considered the Motion, the Settlement Agreement (including its exhibits), declarations of counsel, and objections to the proposed settlement; and

**WHEREAS**, the Court otherwise fully advised in the premises and has considered the record of these proceedings, the representations, arguments, and recommendations of counsel for the parties, and the requirements of law.

**NOW, THEREFORE, IT IS ON THIS _____ DAY OF _____, 2021, ORDERED THAT:**

1. The terms of the Settlement Agreement are approved. The Settlement is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Settlement Class. Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998) and finds the factors support final approval of the settlement, including,

including an assessment of the likelihood that the Class Representatives would prevail at trial; the range of possible recovery; the consideration provided to Settlement Class Members as compared to the range of possible recovery discounted for the inherent risks of litigation; the complexity, expense, and possible duration of litigation in the absence of a settlement; the nature and extent of any objections to the settlement; the stage of the proceedings and the amount of discovery requested; the risk of establishing liability and damages, the ability of the defendants to withstand a greater judgment, the range of reasonableness of the settlement; the underlying substantive issues in the case; the existence and probable outcome of claims by other classes; the results achieved; whether the class can opt-out of the settlement; whether the attorneys' fees are reasonable, and whether the procedure for processing claims is fair and reasonable.

2. The proposed settlement was entered into by experienced counsel and only after extensive arms'-length negotiations. The proposed settlement is not the result of collusion. It was entered into in good faith, is reasonable, fair, and adequate, and is in the best interest of the Settlement Class. Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class.

3. The Court finds the factors recently added to Fed. R. Civ. P. 23(e)(2) substantially overlap with the factors the Third Circuit has enumerated in *Girsh* and *In re Prudential*, and that each supports final approval of the settlement.

4. The Court also finds that the reaction of the Settlement Class supports final approval of the settlement. The relatively few objections and requests for exclusion demonstrate that the Class, which contains approximately one million Class Vehicles, views the settlement favorably.

5. Consistent with its Preliminary Approval Order, the Court hereby grants class certification of the following Settlement Class for purposes of final approval:

> All owners and lessees of a Class Vehicle who purchased or leased the Class Vehicle in the United States (including the District of Columbia but excluding other territories), or owners or lessees of a Class Vehicle who purchased or leased the Class Vehicle while abroad on active military duty.

6. Excluded from the Class are all claims for death, personal injury, damage to property other than to the Class Vehicle itself, and subrogation. Also excluded from the Class are HMA; any affiliate, parent, or subsidiary of HMA; any entity in which HMA has a controlling interest; any officer, director, or employee of HMA; any successor or assign of HMA; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons. Also excluded from the Class are consumers or business that have purchased Class Vehicles that, prior to the time of purchase, were deemed a total loss (i.e., salvage title or junkyard vehicles) (subject to verification through Carfax or other means) and current or former owners of Class

Vehicles who, prior to the Notice Date, released their claims in an individual settlement with HMA with respect to the issues raised in the Action.

7. With respect to the proposed Settlement Class, this Court has determined that, for purposes of settlement of the Action only, Plaintiffs have satisfied each of the Rule 23(a) prerequisites.

a. The Class Members are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

b. There are questions of law or fact common to the Settlement Class. Fed. R. Civ. P. 23(a)(2). Common questions of law or fact include: (1) whether the Settlement Class Vehicles were subject to a common defect; (2) whether Defendants failed to adequately disclose material facts related to the Settlement Class Vehicles prior to sale; (3) whether Defendants' conduct was unlawful; and (4) how any resulting monetary damages to consumers should be calculated.

c. The claims of the Class Representatives are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3). They have alleged that Defendants sold defective vehicles and failed to disclose (or to adequately disclose) material facts to all members of the Settlement Class.

d. The Class Representatives have fairly and adequately protected the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4). The Class

Representatives do not have interests that are antagonistic to the Settlement Class and are fully aligned with the interests of other Settlement Class Members. Accordingly, the Court finds that the Class Representatives have satisfied Rule 23(a) for purposes of evaluating the settlement.

8. The Court also "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, Settlement Class Members share a common legal grievance arising from Defendants' alleged failure to disclose or adequately disclose material facts about the Settlement Class Vehicles' engines. Common legal and factual questions predominate over any individual questions that may exist for purposes of this settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Settlement Class Members underscores the predominance of common legal and factual questions for purposes of this settlement. In concluding that the Settlement Class should be certified pursuant to Rule 23(b)(3) for settlement purposes, the Court further finds that a class action is superior for purposes of resolving these claims because individual class members have not shown any interest in individually controlling the prosecution of separate actions. Moreover, the cost of litigation likely outpaces the individual recovery available to

any Settlement Class Members. *See* Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of this settlement, Rule 23(b)(3) has also been satisfied.

9. The Court finds that the notice program (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action and their right to object to the proposed settlement or opt out of the Settlement Class; and (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice. Additionally, the Notice adequately informed Settlement Class Members of their rights in the Action. Fed. R. Civ. P. 23(c)(2).

10. The Court hereby enters a judgment of dismissal, pursuant to Fed. R. Civ. P. 54(b), of the claims by the Settlement Class Members, with prejudice and without costs, except as specified in this order, and except as provided in the Court's order related to Plaintiffs' motion for attorneys' fees, expenses, and incentive awards. The Clerk of Court is directed to close this docket.

11. The Class Representatives and Settlement Class Members forever release, discharge, and covenant not to sue the Releasees regarding any of the released claims identified in Section VI of the Settlement Agreement. With respect to all released claims, the Class Representatives and the Settlement Class Members

7

expressly waive and relinquish them to the fullest extent permitted by law. These releases apply even if the Class Representatives or Settlement Class Members subsequently discover facts in addition to or different from those which they now know or believe to be true.

12. The Court has considered each of the objections, finds that they are unpersuasive and therefore overrules all of them.

13. The Court approves the list of opt-outs attached hereto as Exhibit A and determines that Exhibit A is a complete list of all Settlement Class Members who timely have requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Approval Order, subject to the terms of the Settlement Agreement.

14. Without any way affecting the finality of this Order, the Court retains jurisdiction over the Parties, including all Settlement Class Members, to construe and enforce the settlement for the mutual benefit of the Parties. The Court retains jurisdiction to enter any orders necessary or appropriate in implementing the Settlement Agreement, including but not limited to orders enjoining Settlement Class Members from prosecuting any released claims. Consistent with the Settlement Agreement, it is further ordered that Settlement Class Members are permanently barred from initiating, asserting, or prosecuting any of the released

claims against any of the Releasees in any federal or state court in the United States or any other tribunal.

_____
Honorable Susan D. Wigenton
United States District Judge